### VERDIN v. BOSSI.

### No. 11541.

Court of Civil Appeals of Texas.
San Antonio.

Nov. 14, 1945.

Rehearing Denied Dec. 19, 1945.

E. P. Lipscomb, of San Antonio, for appellants.

J. R. Cade, of San Antonio, for appellee.

NORVELL, Justice.

This is an appeal from a judgment based upon a peremptory instruction. The trial court found that appellee, John L. Bossi, Jr., was the owner of an undivided three-fourths interest in and to the real property involved, and that appellants, Jesus Verdin and Rita Verdin, were the owners of the remaining one-fourth interest. Certain equities, by reason of improvements made and taxes paid, were adjusted between the parties and the property ordered sold, as it was incapable of partition in kind.

Appellants' contention here is that the case should have gone to the jury upon the theory that Bossi, who held the legal title to a three-fourths undivided interest, was in law regarded as a trustee for appellants, who were the beneficial owners of such interest.

It is undisputed that Bossi, acting for and on behalf of appellants, acquired the disputed three-fourths interest in the property from certain owners of undivided interests. It seems to have been contemplated by the parties that when Bossi had acquired all but a one-sixteenth interest, which was deemed impossible or impracticable to acquire, he would secure a $1,000 loan against the property and then convey the legal title to appellants. Bossi, however, was unable to or did not acquire a fifteen-sixteenths interest in the property and the proposed loan was never negotiated. Appellants then retained a lawyer and demand was made upon Bossi for the return of the money advanced to him by appellants.

The controversy was settled and a written memorandum or receipt of such settlement executed by appellants. This instrument reads as follows:

"San Antonio, Texas
August 5, 1942.

This will acknowledge receipt of the sum of One Hundred and Eighty ($180.00) Dollars which evidenced an earnest money

payment for the purchase of certain real estate described as:

Lot Three (3), Block one (1), Old City Block Sixty Six (66), New City Block Two Thousand One Hundred Eighty Three (2183), said property being situated on the south side of Ruiz Street, all within the corporate limits of the City of San Antonio, Texas.

That said money was deposited with John L. Bossi, Jr., for the purpose of perfecting said purchase. That said property was not suitable for the purpose of making an additional loan and that the title to said property was in an unmarketable condition.

We, Jesus Verdin and wife, Rita Verdin, hereby release the said John L. Bossi, Jr., from any and all agreements and responsibility insofar as the above and foregoing matter is concerned.

We acknowledge receipt of the above mentioned sum.

> (Signed)  Jesus Verdin
> Rita Verdin."

Some time after the execution of the instrument above set out, appellants acquired title to the undivided one-fourth interest, which had not been theretofore conveyed to Bossi, and brought this suit contending that they were also the beneficial owners of the three-fourths interest held by Bossi. Appellants assert that at the time of the execution of the release they did not know that they had any other remedy except to recover the money that they had paid to Bossi. In other words, appellants did not know that by reason of having paid money to Bossi for the purchase of the property, they could assert an equitable title to such interest as Bossi had actually acquired.

This contention, in effect, contradicts the terms of the written release wherein it is recited that $180 was paid by appellants upon the purchase price of the property and for the purpose of "perfecting said purchase." It was further recited that the property was "not suitable for making an additional loan and the title to said property was in an unmarketable condition." Consequently, Bossi was released from "any and all agreements and responsibility insofar as the above and foregoing matter is concerned."

This release will bear no other construction than that prior to its execution appellants had certain interests in the property and, in consideration of the return of $180 to them, appellants released said interest.

Under the facts of this case, there are no grounds for cancelling or setting aside the release. Appellants were represented by counsel and there is no evidence that Bossi by trick or artifice secured appellants' signature to the release, or by fraud or deceit induced its execution.

The trial court properly instructed the verdict and the judgment appealed from is affirmed.